■ ROBERT SPRAGUE, Plaintiff, v INTERNATIONAL BUSINESS MACHINES CORP., Defendant and Third-Party Plaintiff-Appellant, and SHAKER, TRAVIS & QUINN, INC., Defendant and Third-Party Plaintiff-Respondent. ORANGE COUNTY INSULATION CORPORATION, Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, International Business Machines Corp. appeals from so much of an order of the Supreme Court, Westchester County (Dachenhausen, J.), dated November 21, 1984, as granted that branch of its motion to compel the codefendant, Shaker, Travis & Quinn, Inc., to comply with its demand for discovery of insurance agreements only to the extent of directing Shaker, Travis & Quinn, Inc., to provide a complete copy of insurance policy number W632337, and denied that branch of its motion to vacate paragraphs 12 and 13 of the first and second third-party defendant's demand for a bill of particulars.

Order modified, by adding a provision directing Shaker, Travis & Quinn, Inc., to provide International Business Machines Corp. (hereinafter IBM) with complete copies of its other insurance policies, if any, under which the insurer may be liable to satisfy part or all of a judgment that may be entered against IBM in this action or to indemnify or reimburse IBM for payments made by it to satisfy the judgment, including the policy jackets, declaration sheets, and all schedule indorsements annexed to such policies. As so modified, order affirmed insofar as appealed from, without costs or disbursements.

While performing his job at a construction site, the plaintiff fell from a ladder and sustained severe personal injuries. Thereafter, he commenced this action against IBM, the owner of the site and general contractor, and Shaker, Travis & Quinn, Inc. (hereinafter Shaker), a subcontractor, alleging negligence and violations of Labor Law article 10. The defendants impleaded the plaintiff's employer, Orange County Insulation Corporation.

IBM moved for an order compelling Shaker to comply with its demand pursuant to CPLR 3101 (f) for discovery of insurance agreements. In opposition to IBM's motion, Shaker contended that the issue was moot because it had served a response to the demand, prior to the return date, disclosing one insurance policy. In its reply papers, IBM requested an order compelling Shaker to furnish a complete copy of that policy, and to produce any and all other insurance agreements which may provide insurance benefits to IBM for any liability it may have by reason of the plaintiff's claims, because, pursuant to the parties' construction contract, IBM was to be named an additional insured under policies insuring Shaker.

By order dated November 21, 1984, Special Term directed Shaker to provide IBM with a complete copy of the disclosed insurance policy (No. W632337), including the policy jacket, declaration sheet and all schedules and indorsements annexed to the policy. Special Term should also have directed Shaker to produce copies of any other insurance policies it possesses, which may provide insurance benefits to IBM for any damages that may be imposed against IBM in this action. This omission was apparently an oversight. Accordingly, the order is modified to set forth such a directive.

We reject IBM's contention that Special Term erred in denying that branch of its motion to vacate paragraphs 12 and 13 of Orange County Insulation Corporation's demand for a

bill of particulars regarding IBM's third-party complaint on the ground that those paragraphs seek evidentiary material *(see, Baumgarten v Lear,* 26 AD2d 932). Mollen, P. J., Thompson, Niehoff, Rubin and Kunzeman, JJ., concur.